FILED
SUPERIOR COURT
OF GUAM

2023 MAY -2 PM 4: 33

CLERK OF COURT

BY: _____

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

JACOB SOLOMON
*aka* Jacob Aaron Solomon,
DOB: 02/06/2001

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0422-22
GPD Report No.: 22-16121

DECISION AND ORDER RE.
PEOPLE'S MOTION TO
DISMISS WITHOUT PREJUDICE

## **INTRODUCTION**

This matter came before the Honorable Judge Maria T. Cenzon on the People's Motion to Dismiss Without Prejudice (the "Motion"). On February 1, 2023, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule Nos. 06-001. After reviewing the Motion and having heard oral argument by both parties, the Court now issues this Decision and Order GRANTING the People's Motion to Dismiss Without Prejudice.

## **FACTUAL & PROCEDURAL BACKGROUND**

The Defendant, Jacob Solomon, is charged with the following offenses: (1) Kidnapping (As a 1st Degree Felony), 2) Third Degree Criminal Sexual Conduct (As a 2nd Degree Felony), 3) Felonious Restraint (As a 3rd Degree Felony), 4) Strangulation (As a 3rd Degree Felony), 5) Family Violence (As a 3rd Degree Felony), and Interfering with the Reporting of Family Violence (As a

*People of Guam vs. Jacob Solomon*
Criminal Case No. CF0422-22
Decision and Order re. Motion to Dismiss With or Without Prejudice
Page **1** of **6**

3rd Degree Felony). Indictment. (Jun. 24, 2022). These charges stem from the Defendant allegedly kidnapping T.A.D.G. (DOB: 06/18/1999) (the "Victim") on June 17, 2022. *Id.* The Defendant is also alleged to have sexually assaulted, strangled, and restrained the Victim. *Id.*

The allegations are as follows: On or about June 17, 2022, officers responded to a disturbance at the Tumon Horizon Condominiums. *Decl. to Mag.'s Compl.* (Jun. 18, 2022). After an argument between Defendant and the Victim, the Defendant refused to bring the Victim back to her home, and instead drove her to his residence. *Id.* On their way to the Defendant's residence and while at his residence, the Defendant repeatedly slapped the Victim, strangled the Victim to the point of her losing consciousness, and prevented the Victim from calling for help by taking her phone away. *Id.*

On June 24, 2022, a grand jury indicted Defendant for the charges stated above. On August 22, 2022, the magistrate released Defendant on $2,000.00 cash bail and issued conditions governing his behavior, including the surrender of his passport to Pretrial Services of the Probation Services Division and prohibiting Defendant from leaving Guam without the Court's permission. Order of Conditional Release and Appearance Bond (Aug. 22, 2023).

On November 29, 2022, the People filed the instant Motion to Dismiss Without Prejudice (the "Motion") on the basis that there was a high likelihood that the facts of this case will be transferred to the military for jurisdictional purposes. The Defendant opposes the People's Motion arguing that the People's Motion constituted prosecutorial harassment. *Def's Opp. To the People's Mot. to Dismiss Without Prejudice* (Dec. 20, 2022).

In response, the People argue that its goal is not to harass the Defendant, adding that the People have the discretion on what charges to pursue so long as the statute of limitations has not

*People of Guam vs. Jacob Solomon*
Criminal Case No. CF0422-22
Decision and Order re. Motion to Dismiss With or Without Prejudice
Page **2** of **6**

expired. *People's Response to Defense Opposition to Dismissal Without Prejudice* (Jan. 3, 2023). The People also add that the Defendant will not endure any unique hardships that would justify the dismissal with prejudice. *Id.*

The Court held oral argument on the Motion at a February 1, 2023 hearing. Minute Entry (Feb.1, 2023). Defendant was present at the hearing with counsel via Zoom. *Id.* At the conclusion of the hearing, the Court took the matter under advisement.

## LEGAL and ANALYSIS

### A. Dismissal of this Matter Requires Leave of Court

Title 8 GCA Section 80.70(a) outlines the procedure under the which the People's Motion is brought:

> The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of the reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

This section clearly establishes that "[b]ecause leave of court is required, the dismissal under section 80.70(a) is an act of the court." *People v. Gutierrez*, 2005 Guam 19 ¶ 31. This rule marks a change from the common law rule of *nolle prosequi* which has been abandoned in Guam pursuant to 8 GCA section 80.80[1] and which was a power once vested in the prosecuting attorney to dismiss a criminal case in his or her sole discretion. *See Gutierrez* ¶ 28 n. 3; *People v. Rios*, 2008 Guam 22 ¶ 21; and *People v. Flores*, 2009 Guam 22 ¶ 23.

\\

---

[1] "The entry of a *nolle prosequi* is abolished, and a prosecuting attorney cannot discontinue or abandon a prosecution for any offense, except as provided in section 80.70."

*People of Guam vs. Jacob Solomon*
Criminal Case No. CF0422-22
Decision and Order re. Motion to Dismiss With or Without Prejudice
Page **3 of 6**

**B. The Court Presumes Good Faith by the People in Bringing the Motion**

Although the People of Guam no longer have the unfettered discretion to dismiss a case under its common law power of nolle prosequi, Guam law analogizes 8 GCA section 80.70(a) motions to those brought under Rule 48(a) of the Federal Rules of Criminal Procedure (*Gutierrez* ¶ 48) and Guam adopts the federal presumption that the prosecutor brings the motion in good faith. *Gutierrez* ¶ 52. ("The circuit courts have universally held that that the prosecution is entitled to a presumption of good faith when bringing a Rule 48(a) motion and the motion should generally be granted as a matter of course."). The presumption, however, is not absolute, and "is rebutted upon showing a lack of good faith." *Gutierrez* ¶ 53 (citing *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982)). This good faith presumption may be rebutted by a finding of considerations "clearly contrary to the public interest" (*Gutierrez* ¶ 54 (quoting *Salinas* at 351)) or if the dismissal "would be clearly contrary to manifest public interest...". *Gutierrez* ¶ 54 (quoting *United States v. Rush*, 240 F. 3d 729, 730 (8th Cir. 2001).

Defendant's counsel argues that the People's Motion to dismiss without prejudice so that the military may prosecute Defendant for the same crimes is harassment. *Def's Opp.* at p. 3. This argument is contrary to the information presented to the Court by the People in that "[t]he People make this request based on the great likelihood that the facts of this case will be transferred to the military for jurisdictional purposes." *People's Response* at p. 1. The Defendant has not provided the Court with any evidence rebutting the presumption of good faith.

Equally important, the Defendant has not presented sufficient evidence that he is prejudiced by the dismissal without prejudice of this matter, as the Defendant was on pre-trial release upon the filing of the People's motion and, further, Defendant has the opportunity to file a motion for

*People of Guam vs. Jacob Solomon*
Criminal Case No. CF0422-22
Decision and Order re. Motion to Dismiss With or Without Prejudice
Page 4 of 6

expungement of this matter upon the expiration of the applicable Statute of Limitations, pursuant to 8 GCA § 11.10 (3), which is a civil proceeding. *People v. Lau,* 2007 Guam 4 ¶ 6, n. 3.

### C. The Court Finds Dismissal Without Prejudice Would Be to the Public Interest and is Not Harassment

In determining that a granting of the People's Motion would be in the public interest, this Court is mindful of a distinction between a Rule 48(a) motion and the instant 8 GCA section 80.70(a) Motion highlighted in *Gutierrez* ¶ 49: Rule 48(a) motions, as a component of federal practice are frequently decided in the contest of the Federal Government's *Petite* policy.[2] Where there is no prior prosecution for the same acts, however as stated in the People's Motion, action will be taken in military jurisdiction, this Court finds that the people of Guam have brought their Motion in good faith as not to have the Defendant potentially in double jeopardy with this matter and eventually the military jurisdiction. The People's Motion is therefore within the public interest.

The Court finds that the Defendant will not endure any unique hardships as a result of dismissal of this case without prejudice, adding that the military has entered a non-judicial penalty against the Defendant as per the People's Motion and Response. Thus, the prosecution can determine whether to pursue criminal liability within the time limitations in the future.

\\

\\

\\

---

[2] "As stated by the Department of Justice, under that policy a federal trial following a state prosecution of the same acts or acts barred, 'unless the reasons are compelling.'" *Rinaldi v. United States,* 434 U.S. 22, 24 n. 5 (1977); *see also Petite v. United States,* 361 U.S. 529 (1960).

*People of Guam vs. Jacob Solomon*
Criminal Case No. CF0422-22
Decision and Order re. Motion to Dismiss With or Without Prejudice
Page 5 of 6

## CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that the People's Motion to Dismiss Without Prejudice is **GRANTED**.

**SO ORDERED** this _02 MAY 2023_

_____

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

*People of Guam vs. Jacob Solomon*
Criminal Case No. CF0422-22
Decision and Order re. Motion to Dismiss With or Without Prejudice
Page 6 of 6